# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN
## GRAND RAPIDS DIVISION

| | | |
|---|---|---|
| In re: STROO, TODD A | § | Case No. 12-02777 |
| STROO, MICHELLE R | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on March 24, 2012.  The undersigned trustee was appointed on March 24, 2012.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of          $              1,401.25

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]          $ | 1,401.25 |

The remaining funds are available for distribution.

5.  Attached as **Exhibit B**  is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 02/21/2014 and the deadline for filing governmental claims was 05/21/2014.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $350.31.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $350.31, for a total compensation of $350.31.[2]  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $15.38, for total expenses of $15.38.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: _06/09/2014_          By:/s/Jeffrey A. Moyer _____
                                    Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 12-02777 | **Trustee:** (420410) Jeffrey A. Moyer |
| **Case Name:** STROO, TODD A | **Filed (f) or Converted to (c):** 03/24/12 (f) |
| STROO, MICHELLE R | **§341(a) Meeting Date:** 05/01/12 |
| **Period Ending:** 06/09/14 | **Claims Bar Date:** 02/21/14 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Property Located at: 5920 Valley Ln Dr SE Kentwo | 130,200.00 | 0.00 | | 0.00 | FA |
| 2 | Cash | 100.00 | 0.00 | | 0.00 | FA |
| 3 | Checking account with: 5th/3rd | 91.03 | 0.00 | | 0.00 | FA |
| 4 | Checking Account with Huntington Bank | 6,361.77 | 0.00 | | 0.00 | FA |
| 5 | Daughter's Checking Account with Huntington - no | 25.00 | 0.00 | | 0.00 | FA |
| 6 | Savings Account with Huntington | 25.00 | 0.00 | | 0.00 | FA |
| 7 | Checking Accont with 5/3: No Balance | 0.00 | 0.00 | | 0.00 | FA |
| 8 | Daughter's Checking Account with Fifth Third: No | 50.00 | 0.00 | | 0.00 | FA |
| 9 | Household goods: TVs Appliances Misc Furniture | 5,000.00 | 0.00 | | 0.00 | FA |
| 10 | Personal Clothing | 2,000.00 | 0.00 | | 0.00 | FA |
| 11 | Misc custom jewelry/wedding bands | 1,000.00 | 0.00 | | 0.00 | FA |
| 12 | Term Life Insurance: No Cash Value | 0.00 | 0.00 | | 0.00 | FA |
| 13 | Retirement Plans: 4th Third Profit Sharing Plan | 25,210.00 | 0.00 | | 0.00 | FA |
| 14 | 2011 Estimated Tax Refund | 0.00 | 0.00 | | 0.00 | FA |
| 15 | 2012 Estimated Accrued Wages | 0.00 | 0.00 | | 0.00 | FA |
| 16 | 2012 Estimated Accrued Tax Refund  (u)<br>        Possible Non-Exempt 2012 Tax Refunds | 1,401.25 | 1,401.25 | | 1,401.25 | FA |
| 17 | 1996 Buick Park Ave | 500.00 | 0.00 | | 0.00 | FA |
| 18 | 2001 Ford F150 | 7,000.00 | 0.00 | | 0.00 | FA |
| 19 | 2005 Chevrolet Impala | 5,000.00 | 0.00 | | 0.00 | FA |
| 20 | 1987 Pop-up Camper | 300.00 | 0.00 | | 0.00 | FA |
| **20** | **Assets    Totals** (Excluding unknown values) | **$184,264.05** | **$1,401.25** | | **$1,401.25** | **$0.00** |

**Major Activities Affecting Case Closing:**

06/02/14  Rcvd $1,401.25 payment re non-exempt 2012 tax refunds.

04/23/14  Debtor -W called to see what kind of payments could be made.  Talked with Trustee he said 4 months which would be about $350 per month.  Said she
didn't know if they could do that but would start sending payments for as much as she could.

4/14/14 - Sent letter to Debtors re turnover of $1,401.25 representing pro-rated, non-exempt portion of 2012 IRS and State tax refunds.

4/11/14  JMJ rvwed Ds' 2012 tax rtns showing refunds of $5,692 (IRS) & $487 (St); pro-rated amt = $1,401.25, T to send dmd ltr for turnover.

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 12-02777 | **Trustee:** (420410) Jeffrey A. Moyer |
| **Case Name:** STROO, TODD A | **Filed (f) or Converted (c):** 03/24/12 (f) |
| STROO, MICHELLE R | **§341(a) Meeting Date:** 05/01/12 |
| **Period Ending:** 06/09/14 | **Claims Bar Date:** 02/21/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property)<br><br>**Ref. #** | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned OA=§554(a)** | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

3/14/14  Leave message for J. Hecksel that we still need copy of State and city tax returns for 2012.

1/6/14  JM rcvd cy of 2nd pg to Ds' 2012 IRS rtn showing refund of $5,692, need St & City rtns to pro-rate refunds for Yr & then dmd turnover.

12/10/13 - Sent letter to Debtors re receipt of 2012 tax returns, missing 2nd page of 2012 IRS tax return showing amount refunded/owed.

11/20/13  Mrs. Stroo called and asked what was going on with her case. Told her she did not claim and exempt 2012 tax refunds so we need to get a copy of their 2012 IRS, State and any applicable City Tax returns.  Said she would send them to the PO Box.,

11/15/13 - Served Order Granting Motion to Re-Open Case on interested parties, filed POS. Filed Notice of Possible Dividends; Created Form 1 and printed to file.

11/7/13 - Order Granting Motion to Re-Open Case to Administer Assets and Defer Filing Fee entered.

10/25/13 - Filed Motion to Re-Open Case to Administer Assets and Defer Filing Fee along with proposed order.

10/24/13 - Sent letter to Debtors requesting copies of 2012 tax returns.

6/15/12 - Sent IRS Tax Refund Intercept Package to IRS for 2012 tax refunds.

| | | | |
|---|---|---|---|
| **Initial Projected Of Final Report (TFR):** | March 24, 2014 | **Current Projected Date Of Final Report (TFR):** | March 23, 2014 |

# Form 2
## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case Number:** | 12-02777 | |
| **Case Name:** | STROO, TODD A | |
| | STROO, MICHELLE R | |
| **Taxpayer ID #:** | **-***4529 | |
| **Period Ending:** | 06/09/14 | |

| | |
|---|---|
| **Trustee:** | Jeffrey A. Moyer (420410) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******7466 - Checking Account |
| **Blanket Bond:** | $2,000,000.00   (per case limit) |
| **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 06/02/14 | {16} | Todd Stroo | Turnover of non-exempt 2012 tax refunds | 1224-000 | 1,401.25 | | 1,401.25 |
| | | | **ACCOUNT TOTALS** | | **1,401.25** | **0.00** | **$1,401.25** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | **1,401.25** | **0.00** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$1,401.25** | **$0.00** | |

Exhibit B

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case Number:** | 12-02777 | |
| **Case Name:** | STROO, TODD A | |
| | STROO, MICHELLE R | |
| **Taxpayer ID #:** | **-***4529 | |
| **Period Ending:** | 06/09/14 | |

| | |
|---|---|
| **Trustee:** | Jeffrey A. Moyer (420410) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******7467 - Checking Account |
| **Blanket Bond:** | $2,000,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| (No Transactions on File for this Period) | | | | | | | |
| | | | ACCOUNT TOTALS | | 0.00 | 0.00 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $0.00 | $0.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******7466** | 1,401.25 | 0.00 | 1,401.25 |
| **Checking # ******7467** | 0.00 | 0.00 | 0.00 |
| | $1,401.25 | $0.00 | $1,401.25 |

Printed: 06/09/2014 02:18 PM    V.13.15

Printed:  06/09/14 02:18 PM                          **Exhbit C**                              Page:  1

## Case:  12-02777   STROO, TODD A

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Admin Ch. 7 Claims:** | | | | | | | | |
| | 03/24/12 | 200 | Jeffrey A. Moyer<br>1547 Godfrey Avenue SW<br>Wyoming, MI 49509<br><2100-00   Trustee Compensation> | 350.31 | 350.31 | 0.00 | 350.31 | 350.31 |
| | 03/24/12 | 200 | Jeffrey A. Moyer<br>1547 Godfrey Avenue SW<br>Wyoming, MI 49509<br><2200-00   Trustee Expenses> | 15.38 | 15.38 | 0.00 | 15.38 | 15.38 |
| | 03/24/12 | 200 | U.S. BANKRUPTCY COURT<br>ONE DIVISION AVE NW<br>ROOM 200<br>GRAND RAPIDS, MI 49503<br><2700-00   Clerk of the Court Costs (includes adversary and other filing fees)> | 260.00 | 260.00 | 0.00 | 260.00 | 260.00 |
| | | | **Total for Priority 200:   100% Paid** | **$625.69** | **$625.69** | **$0.00** | **$625.69** | **$625.69** |
| | | | **Total for Admin Ch. 7 Claims:** | **$625.69** | **$625.69** | **$0.00** | **$625.69** | **$625.69** |
| **Unsecured Claims:** | | | | | | | | |
| 1 | 12/03/13 | 610 | eCAST Settlement Corp.<br>Assignee of Capital One, N.A.,c/o Bass<br>& Associates, P.C.,3936 E. Ft. Lowell Ro<br>Tucson, AZ 85712<br><7100-00   General Unsecured § 726(a)(2)> | 158.99 | 158.99 | 0.00 | 158.99 | 155.04 |
| 2 | 12/12/13 | 610 | Lincare Inc<br>5151 Monroe Street<br>Suite 220<br>Toledo, OH 43623<br><7100-00   General Unsecured § 726(a)(2)> | 636.34 | 636.34 | 0.00 | 636.34 | 620.52 |
| | | | **Total for Priority 610:   97.51424% Paid** | **$795.33** | **$795.33** | **$0.00** | **$795.33** | **$775.56** |
| | | | **Total for Unsecured Claims:** | **$795.33** | **$795.33** | **$0.00** | **$795.33** | **$775.56** |
| | | | **Total for Case :** | **$1,421.02** | **$1,421.02** | **$0.00** | **$1,421.02** | **$1,401.25** |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-02777
Case Name: STROO, TODD A
Trustee Name: Jeffrey A. Moyer

**Balance on hand:**                    $              1,401.25

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|----------------|-------------------------|--------------------------|------------------|
| None |

Total to be paid to secured creditors:          $              0.00
Remaining balance:                              $          1,401.25

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| Trustee, Fees - Jeffrey A. Moyer | 350.31 | 0.00 | 350.31 |
| Trustee, Expenses - Jeffrey A. Moyer | 15.38 | 0.00 | 15.38 |
| Charges, U.S. Bankruptcy Court | 260.00 | 0.00 | 260.00 |

Total to be paid for chapter 7 administration expenses:    $          625.69
Remaining balance:                                         $          775.56

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| None |

Total to be paid for prior chapter administrative expenses:    $          0.00
Remaining balance:                                             $          775.56

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|----------|----------|-------------------------|--------------------------|------------------|
| None |

Total to be paid for priority claims: $      0.00

Remaining balance: $      775.56

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 795.33 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 97.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | eCAST Settlement Corp. | 158.99 | 0.00 | 155.04 |
| 2 | Lincare Inc | 636.34 | 0.00 | 620.52 |

Total to be paid for timely general unsecured claims: $      775.56

Remaining balance: $      0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $      0.00

Remaining balance: $      0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00

Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**